LYCURGUS L. JOHNSON *et al.*, Respondents, v. DAVID PREWITT, Appellant.

*Conveyances.*—Under the act of 1804, 1 T. L. p. 47, § 8, it was not necessary that the officer taking the proof by the subscribing witness of the execution of the deed by the grantors, should certify that the witness was known to him.

*Limitations—Possession.*—Where a party enters into the possession of land claiming title by deed, his possession by law will be co-extensive with the boundaries stated in his deed.

*Possession adverse—Limitation.*—The possession of land which bars the legal title must be a hostile possession.

## Appeal from Linn Circuit Court.

*Prewitt,* for appellant.

I. The deed of Stout to Smelser could not be read in evidence, unless the certificate shows that the party acknowledging the deed was personally known to the officer taking it to be the person making the deed. The deed was not certified, proved or acknowledged according to any law in force at the time.

II. If a deed can be read as an ancient deed, the party must show possession or acts of ownership to correspond. (Greenl. Ev. § 141–145; R. C. 733, § 58.)

III. The court erred in giving the first instruction of plaintiffs, and in refusing the first and third asked by defendant. Plaintiffs' instruction confines the defendant to the land actually occupied by him, no matter how much he possessed. Defendant's first instruction, which the court refused, declared that defendant was entitled to the whole land if he had been in possession of the whole for the requisite time; and the defendant's third instruction, which was refused, explained what was a possession of the whole.

The question raised is whether the statute bars the plaintiff as to all the tract claimed under Yount's deed, and over which defendant had exercised the usual acts of ownership, or only the part enclosed and actually occupied by defendant; and the court held the latter proposition to be the law, and the jury so understood it. We believe the statute and the decisions of this court to have declared the contrary. (Sess. Acts of 1847, p. 95, § 5; Shultz v. Lindell, 30 Mo. 370.)

*Lander & Mullins,* for respondents.

DRYDEN, Judge, delivered the opinion of the court.

This is an action of ejectment to recover possession of one hundred and sixty acres of land in Linn county.

The answer of the defendant to the plaintiffs' petition puts in issue the heirship and right of possession of the plaintiffs, and also sets up the statute of limitations of ten years. On the trial, the plaintiffs read a patent from the United States to David Stout, of 4th of January, 1819, for the land in controversy; also a deed from the patentee, Stout, to Peter Smelser, of the 31st of July, 1819; and also a deed of 26th of January, 1820, from Smelser to David Johnson, the ancestor of the plaintiff.

The defendant gave evidence tending to show that one John Yount, prior to 1840, opened a field of considerable size, and made an improvement on the tract in controversy. The defendant then read in evidence a deed to himself from said Yount for said tract, of date 1st February, 1840, and gave evidence tending to prove that he entered into possession under this deed, and has possessed and cultivated the same as his own ever since.

When the deed from Stout to Smelser was offered in evidence, the defendant objected to its being read, on the ground that it was not sufficiently proved. The objection was sustained by the court, and the plaintiff then offered it as an *ancient deed*, and the defendant again objected; but this objection was overruled, and the deed was read.

The deed is attested by two subscribing witnesses, viz., Wilson L. Corall and Jacob Smelser. The certificate of proof at the foot of the deed is as follows, viz:

" MISSOURI TERRITORY, ⎱ ss.
     St. Charles county, ⎰

"Before me, the judge of the Northern Circuit of the Territory aforesaid, this day came the above named Jacob Smelser, who made oath that David Stout and Mary Stout signed the above deed in his presence, and delivered it as their act.

" Given under my hand, November 3d, 1819.

                                        N. B. TUCKER."

The court, at the instance of the plaintiffs, instructed the jury as follows, viz :

1. That if the jury believe from the evidence that plaintiffs or any of them are the legal heirs of Daniel Johnson, and that said Johnson had a regular chain of title from the General Government, and that defendants have no legal title, then the jury will find for the plaintiffs for so much of said land as has not been actually occupied by defendant for ten years next before the commencement of this suit, or according to their interest therein as it appears from the evidence ; and on showing the extent of defendant's possession the weight of proof is on him.

The defendant then asked the four following instructions, the second and fourth of which were given by the court, but the first and third were refused, viz:

1. If the jury believe from the evidence that the defendant was in actual possession of the whole of the tract of land in controversy for ten years next before the commencement of this suit, they will find for the defendant the whole of the tract of land in controversy.

2. Uninterrupted and ten years' actual possession since February, 1847, enables the party in possession to hold real estate against all persons.

3. The possession of a part of a tract or lot of land in the name of the whole tract claimed, and exercising during the time of such possession the usual acts of ownership over the whole tract so claimed, shall be deemed a possession of the whole of such tract.

4. The jury will find for the defendant for such part of the tract of land as they shall find him possessed of for ten years next before the commencement of this suit.

As might have been expected under the circumstances, the jury returned a verdict for the plaintiffs for " all the land in suit not enclosed." Judgment followed the verdict, from which the defendant appeals, and assigns for error the admission of the deed in evidence from Stout to Smelser, the

giving of the instruction asked by the plaintiffs, and the refusal of the first and third asked by the defendant.

1. We think the certificate of proof appended to the deed of 1819 was a substantial compliance with the law of 1804, under which it was made, and that the deed was admissible in evidence without further proof of its execution. The following is so much of the act of 1804 as bears upon this question:

1 Terr. Laws, chap. 6, § 8, p. 47—"All deeds and conveyances which shall be made and executed within this district, of or concerning any lands, tenements, or hereditaments therein, or whereby the same may be any way affected in law or equity, shall be acknowledged by one of the grantors or bargainers, or *proved by one or more of the subscribing witnesses to such deed,* before one of the judges of the general court, or before one of the justices of the Court of Common Pleas of the district where the land conveyed lies," &c., &c. [Afterwards amended, conferring same powers on judges of the Circuit Court.]

It will be observed, this law (unlike the law now in force) did not require the officer taking the proof to show by his certificate that he was acquainted with the subscribing witness. The proof of the execution of the deed being sufficient, it is unnecessary to examine the question whether, under the evidence, the deed was admissible as an *ancient deed.*

2. Where one entered into land under a conveyance (whether it conveys a valid title is not material) his seisin is not limited to his actual possession, but it is co-extensive with the boundaries stated in such conveyance. (Ang. on Lim. § 400; Shultz et al. v. Lindell et al. 30 Mo. 310.)

The instruction given for the plaintiffs in this case is based upon the erroneous notion that the defence of the statute of limitations is in all cases limited to the land in the actual possession of the adverse possessor. This would have been well enough as to a mere *intruder* prior to the adoption of the 5th sec. of the 1st art. of Limitation Law of 1855, (R. C. 1855,

p. 1046,) but it never was the law as applicable to a possession under *color of title*.

3. The court properly refused the first and third instructions asked by the defendant, and ought to have refused those it gave at his instance. The first is fatally bad, because it leaves wholly out of view the question whether the possession of the defendant was adverse to the plaintiffs, an element which is of the very essence of the defence of the statute of limitations. A possession even for a hundred years, if not adverse, would not bar him who has the legal title.

The third instruction is objectionable, in that it presents an abstract proposition of law which could in nowise assist the jury in making a verdict.

Let the judgment of the Circuit Court be reversed, and the cause remanded for a new trial, in accordance with this opinion. The other judges concur.